# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENNETH R. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-1341-EFM-KGG |
| | ) |
| DEPAUL BREWER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## REPORT & RECOMMENDATION OF DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Kenneth R. Miller has also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1, sealed). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application, but **RECOMMENDS** to the District Court that the Complaint be dismissed for failure to state a cause of action under federal law.

## ANALYSIS

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a

1

privilege, not a right – fundamental or otherwise.'" ***Barnett v. Northwest School***, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting ***White v. Colorado***, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. ***Cabrera v. Horgas***, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See ***Patillo v. N. Am. Van Lines, Inc.***, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is 55, divorced, and homeless with no listed dependents. (Doc. 3-1, sealed, at 1, 2.) Even so, he states that he is in arrears as to payments of $600 he is unable to provide to dependents at this time. (*Id.*, at 2.) He is currently unemployed and lists no prior employment. (*Id.*, at 2-3.) He does not own real property or an automobile. (*Id.*, at 3, 4.) He has no cash on hand, but does receive a "Vision card" from the

government that he uses to purchase groceries. (*Id.*, at 4, 5.) He lists no other monthly expenses, but includes outstanding amounts listed to two courts. (*Id.*, at 5-6.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.     Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte*

dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. **Hall v. Bellmon**, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* **Kay v. Bemis**, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* **Moore v. Guthrie**, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* **Jackson v. Integra Inc.**, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. **Hall**, 935 F.2d at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations

5

liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

In his form Complaint, Plaintiff bringing claims for conspiracy, retaliation, "making false information," perjury, and breach of contract against Depaul Brewer (Sedgwick County Division of Corrections), Carl Brewer (former Mayor of Wichita), the City of Wichita, Kansas, three other individually named Defendants, as well as various "Jane and/or John Does" who are "yet to be discovered in discovery in the occasioned events." (Doc. 1, at 2, 3.) Other than a passing reference that Mayor Brewer "was well apprised of the matter," Plaintiff does not reference any of the Defendants in the Complaint or indicate how they are potentially liable for his alleged causes of action. (*Id.*, at 3.)

As to specific factual allegations, Plaintiff contends that he continues to be denied employment "because of [his] 1989 conviction for nature of the offense." (*Id.*) He contends that he "filed a grievance because the Facility doesn't have a law library in conjunction with. The[y] wouldn't let me go to the law library in Wichita to marshal the laws on expungement." (*Id.*) He seeks an "injunction to close the illegal facility to protect its clients who are participating." (*Id.*, at 4.) Plaintiff does not, however, indicate the name or purpose of this "facility" and he does not indicate by whom the facility is operated and maintained. He also seeks monetary damages

> for knowingly and willfully with forthought [sic] to oppress and deny with punitive measures against me to be removed from the program that I was court ordered to attend in violation of state, policies, rules, regulations, ordinance, value statement, mission statement, KS Bill of Rights, and the Constitutions of the U.S. that has cause [sic] my mental anguish and deprived me of life, liberty, and the pursuit of freedom and happiness.

(*Id.*)

The Court finds that Plaintiff has failed to state a claim for which relief can be granted under the facts alleged. Plaintiff has not specified how his rights have been violated and the Court cannot discern a viable claim against Defendants based on the facts alleged. The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the

7

U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 20th day of December, 2018.

S/KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
